**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1368-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALFRED L. KINCEY, III,

     Defendant-Appellant.

_____

> Submitted June 3, 2026 – Decided June 30, 2026
>
> Before Judges Mayer and Jacobs.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 04-02-0179.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the briefs).
>
> LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a June 26, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

In 2002, defendant strangled his father (the victim) in New Jersey. Defendant loaded the victim's unconscious body into defendant's car with the help of an accomplice. Defendant drove to Pennsylvania where he set the car on fire with the victim inside. The medical examiner who examined the victim's body testified the victim likely died in the car before defendant torched it.

In 2004, defendant was indicted for first-degree murder and other offenses. Before trial, defendant, as a self-represented litigant with assigned standby counsel, challenged the trial court's territorial jurisdiction, arguing the crime took place in Pennsylvania, not New Jersey. The trial judge rejected defendant's jurisdiction argument.

Defendant waived his right to a jury trial and the matter proceeded as a bench trial. Defendant changed his mind about continuing without legal counsel and asked the judge to allow standby counsel to represent him at trial. The judge agreed.

At trial, the medical examiner and defendant's accomplice testified. Their testimony raised some uncertainty regarding the victim's time of death.

A-1368-24

In summation, defense counsel argued it was unclear if the victim died in New Jersey or Pennsylvania, questioning whether New Jersey had territorial jurisdiction. In December 2005, the trial judge convicted defendant on all counts. After trial, but before sentencing, the judge rejected defendant's territorial jurisdiction argument.

Defendant did not file a direct appeal. In 2019, over thirteen years after his convictions, defendant, as a self-represented litigant, filed a PCR petition. The judge dismissed that petition without prejudice for failure to file a timely brief.

In 2023, defendant, through his assigned counsel, filed a PCR petition asserting ineffective assistance of counsel before and during trial. Defendant argued excusable neglect warranted relaxation of the five-year time bar for filing a PCR petition under Rule 3:22-12(a)(1). He also argued his trial attorney was ineffective in failing to seek a dismissal of the indictment for lack of jurisdiction.

The PCR judge rejected defendant's ineffective assistance of counsel claims as time-barred and without legal merit. On the time-bar issue, the judge found ignorance of the law did not constitute excusable neglect warranting relaxation of the five-year filing requirement. The judge also determined defendant failed to demonstrate a fundamental injustice warranting

consideration of his PCR petition out-of-time. As the judge explained, "the vast passage of time" would make it "difficult, if not impossible for the [S]tate to litigate the case."

Regarding the lack of jurisdiction argument, the PCR judge explained the trial judge "determined that jurisdiction lay in New Jersey" based on the State's trial evidence establishing the "'major act precipitating [the victim's] death' occurred in New Jersey." The PCR judge noted the accomplice "testified the victim appeared dead and exhibited no signs of life when he arrived at the defendant's Willingboro home to help move the body." Moreover, as the PCR judge explained, the State's medical examiner "testified the victim was dead within [five] minutes of being strangled and was deceased when defendant set the car on fire."

On appeal, defendant raises the following arguments:

POINT I

> SINCE [DEFENDANT]'S CLAIM WAS JURISDICTIONAL, THE PCR COURT ERRED IN APPLYING PROCEDURAL BARS, AS A DEFENDANT MAY CHALLENGE TERRITORIAL JURISDICTION AT ANY TIME.

POINT II

> TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE TERRITORIAL

4

A-1368-24

JURISDICTION TO TRY [DEFENDANT] FOR MURDER SINCE THERE WAS A DOUBT AS TO WHETHER THE VICTIM'S DEATH OCCURRED IN THE STATE OF NEW JERSEY AND [DEFENDANT] MADE CLEAR DURING HIS INTERACTIONS WITH THE COURT THAT HE WAS CHALLENGING JURSDICTION; COUNSEL WAS ALSO INEFFECTIVE FOR FAILING TO ADVISE PETITIONER HOW TO CHALLENGE JURISDICTION AFTER CONVICTION.

"We review the legal conclusions of a PCR court de novo." State v. Walker, 478 N.J. Super. 553, 560 (App. Div. 2024) (citing State v. Harris, 181 N.J. 391, 419 (2004)). Additionally, "we use a de novo standard of review when a PCR court does not conduct an evidentiary hearing." Ibid. (citing State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016)).

Rule 3:22-12(a)(1) states no PCR petition may be filed more than five years from the date of conviction unless "it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Because defendant filed his PCR petition thirteen years, five months, and eleven days following his convictions, he was required to demonstrate excusable neglect and that a fundamental injustice would result if his PCR claim was time-barred.

When considering whether to relax the time period under Rule 3:22-12, we "consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Ignorance of legal principles or court rules does not constitute excusable neglect. State v. Cummings, 321 N.J. Super. 154, 166 (App. Div. 1999) (finding one's inability to understand legal principles did not constitute excusable neglect under Rule 3:22-12); State v. Dillard, 208 N.J. Super. 722, 728 (App. Div. 1986) (rejecting the argument that lack of familiarity with Rule 3:22-12 constituted excusable neglect).

Here, defendant argues his defense attorney's failure to explain the process for proceeding with a PCR claim constituted excusable neglect warranting relaxation of the five-year time bar. However, it is well-settled that lack of familiarity with legal procedures does not establish excusable neglect. Dillard, 208 N.J. Super. at 728.

Defendant also argues the judge erred in finding his PCR claim time barred because the claim was premised on a jurisdictional argument and "the time-bar does not apply to a non-waivable issue like personal jurisdiction." In

support of his argument, defendant relies on State v. Oliver, 482 N.J. Super. 401, 416 (App. Div. 2025). However, defendant's reliance on that case is misplaced because Oliver involved a direct appeal from a conviction, not a PCR claim. Id. at 409-10, 416. Defendant cites no other legal authority for relaxing the five-year limitation under Rule 3:22-12. On this record, we are satisfied the PCR judge did not err in finding defendant's PCR claim time barred.

Even if defendant's claim was not time barred, the PCR judge properly rejected the ineffective assistance of counsel claim on the merits. Defendant claims his trial counsel was ineffective because he failed to raise a territorial jurisdiction challenge, arguing the victim died in Pennsylvania, not New Jersey.

Evidentiary hearings on PCR applications are governed by Rule 3:22-10(b), which states:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR.] . . . To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

"A 'prima facie case' requires that a defendant 'demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits' . . . , and must

be supported by 'specific facts and evidence supporting his allegations.'" State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (quoting State v. Porter, 216 N.J. 343, 355 (2013)).  To demonstrate a prima facie case for ineffective assistance of counsel, a defendant must satisfy both prongs under Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987).  See State v. Konecny, 250 N.J. 321, 342 (2022).

First, "the defendant must show that counsel's performance was deficient." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687).  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.  "Second, the defendant must show that the deficient performance prejudiced the defense." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687).  "Specifically, a defendant alleging actual ineffectiveness must show that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Ibid. (quoting Strickland, 466 U.S. at 694).

Here, defendant claims his trial counsel knew about defendant's territorial jurisdiction argument yet failed to file a motion to dismiss the indictment on that basis.  Defendant argues a dismissal motion "had a strong chance of succeeding"

based on the trial evidence. In support of his contention, defendant cites the medical examiner's testimony regarding the presence of carbon monoxide in the victim's body to indicate the victim was alive when the car was set on fire in Pennsylvania. He also refers to the accomplice's testimony failing to pinpoint the exact time of the victim's death.

Because defendant mischaracterizes the trial record, we reject his argument. During closing argument, defense counsel addressed New Jersey's lack of territorial jurisdiction for defendant's crimes. Before sentencing, in response to the territorial jurisdiction concerns raised by defense counsel, the trial judge expressly rejected the territorial jurisdiction argument, citing the trial testimony provided by the State's medical examiner and defendant's accomplice.

Contrary to defendant's argument on appeal, defense counsel did not ignore defendant's territorial jurisdiction argument. In fact, defense counsel raised the argument during the bench trial. The trial judge rejected the lack of territorial jurisdiction argument based on the same trial evidence cited by defendant on appeal.

Having reviewed the record, defendant failed to demonstrate a prima facie ineffective assistance of counsel claim. Defendant did not explain how his trial counsel's alleged ineffectiveness prejudiced his defense. Nor did defendant

advance how there would have been a different outcome but for his trial counsel's failures.

Because defendant did not demonstrate a prima facie claim for relief, material issues of disputed fact, or the necessity to conduct an evidentiary hearing, the denial of a request for an evidentiary hearing was not an abuse of discretion. R. 3:22-10(b); see State v. Preciose, 129 N.J. 451, 462-63 (1992).

To the extent we have not addressed any of defendant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1368-24